**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH FINCH,

        Petitioner,               Case Number: 2:20-CV-11463

v.                                  HON. VICTORIA A. ROBERTS
                                    UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA,

        Respondent.

_____/

## **OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**

Joseph Finch is confined in the Federal Correctional Facility in Milan, Michigan. He is serving a sentence, imposed by the United States District Court for the Western District of Missouri, of 188 months imprisonment to be followed by five years supervised release. *See United States* v. *Finch,* No. 6:16-cr-03103. On May 27, 2020, he commenced this action by filing an "Ex Parte Motion for Extension of Time to File (28 U.S.C. § 2241) 'Actual Innocence' Claim." (ECF No. 1.) The motion seeks an extension of time to file a habeas corpus petition. Because the Court may not decide a motion for extension of time in the absence of a properly filed petition, the Court will dismiss the case without prejudice.

The motion was docketed as a petition for a writ of habeas corpus. But the filing of a motion is insufficient to initiate a federal habeas corpus proceeding. A party may commence a civil action in federal court by filing a complaint. Fed. R. Civ. P. 3. The Federal Rules of Civil Procedure apply to habeas suits unless they are inconsistent with

the Habeas Corpus Rules, and "[n]othing in the Habeas Corpus Rules contradicts Rule 3." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Id.*

The Court may not decide Finch's motion because Finch has not properly commenced a habeas corpus proceeding. The judicial power of federal courts is limited to "cases and controversies." See U.S. CONST. art. III, § 2, cl. 1. A judicial decision rendered in the absence of a case or controversy is advisory, and "'a federal court [lacks] the power to render advisory opinions.'" *United States National Bank of Oregon v. Independent Insurance Agents of America*, 508 U.S. 439, 446 (1993) (*quoting Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "[N]o case or controversy generally exists before an actual § 2254 petition is filed." *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) (citation omitted). "Federal courts do not lightly grant relief in non-existent cases. Still less do they offer advisory opinions about what they might do if an action were filed." *United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) (holding that district court could not rule on prisoner's motion for extension of time to file a motion under 28 U.S.C. § 2255 before a motion was actually filed because that would amount to an advisory opinion for an action not yet in existence). Finch's motion is comparable to a request for an advisory opinion on whether he could obtain an extension of time for a petition not yet in existence and one that may never come into existence. Federal courts do not "offer advisory opinions about what they might do *if* an action were filed." *Id.*

(emphasis in original).

Because Finch does not currently have a habeas petition pending, his request for an extension of time is premature and must be dismissed for lack of jurisdiction. If Finch wishes to initiate a § 2241 petition, he must do so by filing a petition in accordance with the Federal Rules of Civil Procedure and Rules Governing Section 2254 Cases.

The Court ORDERS the case DISMISSED WITHOUT PREJUDICE.


                                            s/ Victoria A. Roberts
                                            VICTORIA A. ROBERTS
                                            UNITED STATES DISTRICT JUDGE

Dated: 9/21/2020